1
2
3
4

LAW OFFICES OF DEBORAH L. RAYMOND
Deborah L. Raymond, SBN 173528
445 Marine View Avenue, Suite 300
Del Mar, CA 92014
Tel#: (858) 481-9559

5

Attorney For Plaintiff, JAMES GOSSETT

6

7

8

9
10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

11

12

13

14

15

16

17

18

19

20

21

JAMES GOSSETT, an individual,

    Plaintiff,

vs.

DYNAMIC RECOVERY
SOLUTIONS, LLC, a South Carolina
Limited Liability Company;
MATTHEW WARD, an individual;
and DOES 1-10, inclusive,

    Defendant(s).

Case No.  **'13 CV 0323 BTM NLS**

**COMPLAINT** FOR DAMAGES
BASED UPON VIOLATIONS OF THE
FAIR DEBT COLLECTION
PRACTICES ACT; THE CALIFORNIA
ROSENTHAL ACT; THE
TELEPHONE CONSUMER
PROTECTION ACT; INTENTIONAL
INFLICTION OF EMOTIONAL
DISTRESS; AND **DEMAND FOR
JURY TRIAL**

[15 U.S.C. §§1692 et seq.; Cal. Civ.
Code §§1788 et seq.; 47 U.S.C. §§ 227
et al.]

22

23

24

25

JAMES GOSSETT ("Plaintiff" or "Gossett") complains as follows against

defendants DYNAMIC RECOVERY SOLUTIONS, LLC ("DRS"), and MATTHEW

WARD ("Ward") (collectively referred to as "Defendants") :

26

////

**INTRODUCTION**

1. This Complaint is filed under the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 et seq. (hereinafter called "FDCPA") and the California Rosenthal Act, Cal. Civ. Code  §§1788 et seq.  (hereinafter called "Rosenthal") pursuant to defendants use of abusive, deceptive, and unfair debt collection practices, and under the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 et al. (hereinafter called "TCPA") pursuant to defendants negligent and/or willful telephone calls to Plaintiff's cellular telephone without prior consent.

**Plaintiff demands a jury trial.**

**JURISDICTION**

2. Jurisdiction of this court arises under 15 U.S.C. Section 1692k(d), 28 U.S.C. Sections 1331, 1337, 47 U.S.C. §227 and under the doctrine of pendant jurisdiction as set forth in United Mine Workers v. Gibbs, 383 U.S. 715 (1966).

3.  Venue is proper in the United States District Court for the Southern District of California pursuant to 18 U.S.C. § 1391(b) and § 1441(a) because the events giving rise to Plaintiff's causes of action occurred within the State of California and the County of San Diego, within this judicial district.

**PARTIES**

4.  Plaintiff is a natural person, and at all times mentioned in this complaint was a consumer, an active member of the United States armed forces, and

a resident of the County of San Diego, in the Southern District of California.

5.  Plaintiff is informed and believes, and thereon alleges that defendant DRS is a South Carolina Limited Liability Company conducting business in the county of San Diego, State of California.  Plaintiff is further informed and believes, and thereon alleges that DRS is and, at all times mentioned in this Complaint, was engaged in the business of collecting consumer debts and regularly collects consumer debts on behalf of third parties and/or itself.  DRS is accordingly a "debt collector" as defined in the FDCPA, 15 U.S.C. §1692A(6) and as defined in the Rosenthal Act, Cal. Civil Code §1788.2.  DRS is, and at all times mention herein was, a limited liability company and a "person" as defined by 47 U.S.C. § 153(39).

6.  Plaintiff is informed and believes, and thereon alleges that defendant WARD is an individual conducting business in the county of San Diego, State of California.  Plaintiff is further informed and believes, and thereon alleges that WARD is engaged in the business of collecting consumer debts and regularly collects consumer debts on behalf of third parties.  WARD is accordingly a "debt collector" as defined in the FDCPA, 15 U.S.C. §1692A(6) and as defined in the Rosenthal Act, Cal. Civil Code §1788.2.  Plaintiff is informed and believes, and thereon alleges that WARD is and was at all times mentioned in the Complaint, an employee of DRS.

7.  Plaintiff is unaware of the true names and capacities of defendants sued herein as Does 1 through 10, inclusive.  Plaintiff is informed and believes and thereon

Gossett v. Dynamic Recovery Solutions, LLC et al.
Case No.

3

COMPLAINT

alleges that each fictitiously named defendant was in some way responsible for the matters and things complained of herein, and in some fashion, has legal responsibility therefore. When the true names and capacities of each said fictitiously named defendant has been ascertained, Plaintiff will seek leave to amend this complaint and all proceedings herein to set forth the same.

8. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, each of the defendants were the officers, directors, agents, assignees, assignors or employees of each of their co-defendants and that in doing the things alleged in this complaint were acting within the course and scope of such capacity, with the full knowledge and consent of their co-defendants, and each of them.

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

9. On or about June 7, 2012, Plaintiff received a message to return a telephone call from a number that he was not familiar with. Plaintiff called the number and spoke with defendant WARD, who identified himself as a representative of defendant DRS. During the telephone conversation, defendant WARD told Plaintiff that Plaintiff owed money on an account from 10 years ago. Plaintiff told WARD that he did not know of any old debt and asked WARD to tell him who the original creditor was for the alleged old debt. Rather than respond to Plaintiff's question, WARD asked Plaintiff if he worked at a woodshop. Plaintiff responded that he was no longer employed with the woodshop and that he was currently serving in the Marine Corp.

To which WARD responded, "So you are in the military?  Unfortunately, if this debt isn't paid we will have to submit a letter to your Commanding Officer explaining the situation and we don't really want to do that because that would result in all of your money getting taken every paycheck until it's paid off.  You would get a demotion in rank and time in the brig.  So it would be in your best interest to come to a settlement or we will be forced to go that route."  Under duress from fear of WARD's threats to contact Plaintiff's commanding officer, to have all his money taken every paycheck, and to have Plaintiff demoted and spend time in the brig, Plaintiff was coerced into making payments on the alleged debt.

10.  Defendant WARD required Plaintiff to provide his checking account information so that defendant DRS could deduct the payments electronically from Plaintiff's checking account.  The payment arrangement required by WARD was as follows: The first payment of $150.00 would be electronically deducted from Plaintiff's account on June 15, 2012; The second payment of $850.00 would be deducted on June 29, 2012; The third payment of $1,000.00 would be deducted two weeks after the second payment; and the fourth payment would be deducted two weeks after the third payment.  Despite Plaintiff's belief that he did not owe the alleged debt, Plaintiff initially agreed to the payment arrangement because of fear for his livelihood and repercusions of WARD's threatened communications with the Marine Corp.

11.  Defendants DRS and WARD never provided Plaintiff with notice of

his rights under 15 U.S.C. §1692g.

12.  On June 15, 2012, without any prior written notice to Plaintiff, defendant DRS electronically withdrew $150.00 from Plaintiff's checking account.

13.  After the first payment was taken from Plaintiff's checking account, Plaintiff became aware that he could dispute the alleged debt and demand verification/validation of the alleged debt.

14.  On June 26, 2012, Plaintiff sent defendant DRS, by overnight U.S. Express Mail, a letter that disputed the alleged debt, demanded verification/validation of the alleged debt, and revoked any and all payments and authorization to take any funds from Plaintiff's bank account.

15.  On or about June 29, 2012, without any prior written notice to Plaintiff, and after defendant DRS had received Plaintiff's letter dated June 26, 2012, which revoked any authorization to take any funds from Plaintiff's bank account, defendant DRS attempted to electronically withdraw $850.00 from Plaintiff's checking account. Defendant DRS's attempted electronic withdraw was returned for insufficient funds and Plaintiff was charged a "returned item fee" of $27.00.

16. After defendant DRS's attempted electronic withdrawal was returned, defendant WARD telephoned Plaintiff at least 5 times on Plaintiff's cellular telephone without Plaintiff's prior consent, which caused Plaintiff to incur charges or usage of minutes.

17. On or about July 9, 2012, Plaintiff spoke with defendant WARD for the last time, wherein WARD, in a threatening tone, informed Plaintiff that there was nothing more WARD could do for Plaintiff and since Plaintiff paid the $150.00 to the alleged debt, the original creditor could now file a lawsuit against Plaintiff.

18.  Plaintiff is informed and believes and thereon alleges that from June 7, 2012 to present, defendant DRS made at least 5 unsolicited calls each via ATDS to Plaintiff's cellular telephone.  The telephone number that defendant DRS called was assigned to a cellular telephone service for which Plaintiff incurred a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).  The telephone calls constituted separate and distinct "calls" under the TCPA that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).  At no time did Plaintiff  provide DRS or its agents prior express consent to receive unsolicited calls pursuant to 47 U.S.C. § 227(b)(1)(A).                                   19. Defendants collection practices and actions have caused Plaintiff severe emotional distress, including but not limited to loss of appetite, frustration, upset, fear, anger, helplessness, nervousness, sleeplessness, worry, sadness, and depression.

### FIRST CAUSE OF ACTION FOR
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
#### (As to All Defendants)
#### (15 U.S.C. §§1692 et seq.)

20. Plaintiff re-alleges and incorporates the allegations in Paragraphs 1 through 19 above with the same force and effect as if herein set forth.

21.     Defendants violated the **Fair Debt Collection Practices Act**, including but not limited to the following sections:

21.1. Section 1692d: Defendants engaged in conduct the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of an alleged debt;

21.2. Section 1692e(2)(A): Defendants falsely represented the character, amount , and/or the legal status of the alleged debt;

21.3. Section 1692e(4): Defendants falsely represented or implied that non payment of the alleged debt would subject Plaintiff to imprisonment in the brig;

21.4. Section 1692e(5): Defendants threatened to take actions that cannot legally be taken or that is not intended to be taken;

21.5. Section 1692e(7): Defendants falsely represented or implied that Plaintiff committed conduct that would be disgraceful to Plaintiff's Commanding Officer;

21.6.    Section 1692e(10): Defendants used false representations or deceptive means to collect or attempt to collect a debt or obtain information concerning Plaintiff;

21.7. Section 1692e(11): Defendants failed to inform Plaintiff in the initial communication that Defendants were attempting to collect a debt and that any information obtained will be used for that purpose or that the communication was from

a debt collector;

21.8. Section 1692f: Defendants used unfair or unconscionable means to collect or attempt to collect a debt;

21.9. Section 1692f(1): Defendants attempted to collect amounts not permitted by law or contract;

21.10. Section 1692f(2): Defendants accepted a check or other payment instrument postdated by more than five days and failed to notify Plaintiff in writing of Defendants intent to deposit such check or instrument not more than ten nor less than three business days prior to such deposit.

21.11. Section 1692(4): Defendants deposited a post dated check or payment instrument prior to the date on such instrument and after being instructed not to deposit such payment instrument;

21.12. Section 1692g: Defendants failed to provide a validation or dispute notice; and

21.12. Section 1692g: Defendants failed to validate the debt and continued their collection efforts.

22. As a direct and proximate result of defendants' violations, Plaintiff suffered actual damages, including, but not limited to loss of funds, bank fees, and emotional distress, in an amount to be established by proof at trial (for the purpose of a default judgment, Plaintiff's damages for emotional distress are not less than

$25,001.00), and is entitled to actual damages, an award of statutory damages of $1,000.00, costs, and attorney's fees pursuant to 15 U.S.C. §1692k.

## SECOND CAUSE OF ACTION FOR
## VIOLATIONS OF THE ROSENTHAL FAIR
## DEBT COLLECTION PRACTICES ACT
### (As to All Defendants)
### (Cal. Civ. Code §§1788 et seq.)

23. Plaintiff re-alleges and incorporates the allegations in Paragraphs 1 through 22 above with the same force and effect as if herein set forth.

24.  Defendants violated the **Rosenthal Act**, including but not limited to the following sections:

24.1. Section 1788.10(e): Defendants falsely represented or implied that non payment of the alleged debt would subject Plaintiff to imprisonment in the brig;

24.2. Section 1788.10(f): Defendants threatened to take actions that cannot legally be taken or that is not intended to be taken;

24.3. Section 1788.11(e); Defendants communicated by telephone with Plaintiff with such frequency as to be unreasonable and to constitute an harassment under the circumstances;

24.4. Section 1788.17: Defendants violated provisions of Title 15 of the United States Code sections 1692 et seq.

25.  As a direct and proximate result of Defendants' violations, Plaintiff suffered actual damages, including, but not limited to loss of funds, bank fees, and

emotional distress, in an amount to  be established by proof at trial (for the purpose of a default judgment, Plaintiff's damages for emotional distress are not less than $25,001.00), and Plaintiff is entitled to an award of actual damages, costs, and attorney's fees pursuant to Cal. Civ. Code §1788.30.  In addition, Defendants willfully and knowingly violated the Rosenthal Act which entitles Plaintiff to penalty of not less than $100 and not more than $1,000.00 pursuant to Cal. Civ. Code §1788.30(b).

**THIRD CAUSE OF ACTION FOR**
**NEGLIGENT VIOLATIONS OF THE**
**TELEPHONE CONSUMER PROTECTION ACT**
**(As to Defendant DRS Only)**
**(47 U.S.C. §§ 227 et seq.)**

26. Plaintiff re-alleges and incorporates the allegations in paragraphs 1 through 25 above with the same force and effect as if here set forth.

27.  The foregoing acts and omissions of Defendant DRS and its agents constitute numerous and multiple violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. §§ 227 et seq.

28.  As a result of defendant DRS and its' negligent violations of 47 U.S.C. §§ 227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

29.  Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

**FOURTH CAUSE OF ACTION FOR**
**KNOWING AND/OR WILLFUL VIOLATIONS FO THE**

## TELEPHONE CONSUMER PROTECTION ACT
### (Defendant DRS Only)
### (47 U.S.C. §§ 227 et seq.)

30. Plaintiff re-alleges and incorporates the allegations in Paragraphs 1 through 29 above with the same force and effect as if herein set forth.

31.  The foregoing acts and omissions of defendant DRS and its agents constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. §§ 227 et seq.

32.  As a result of defendant DRS and its agents' knowing and/or willful violations of 47 U.S.C. §§ 227 et seq., Plaintiff is entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. §§ 227(b)(3)(B) and 227(b)(3(C).

33.  Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

### FIFTH CAUSE OF ACTION FOR
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (As to All Defendants)

34. Plaintiff re-alleges and incorporates the allegations in Paragraphs 1 through 33 above with the same force and effect as if herein set forth.

35.  Defendants' conduct was outrageous, intentional, and malicious, and done with reckless disregard of the fact that it would certainly cause Plaintiff to suffer

severe emotional distress.

36. As a proximate result of the acts of Defendants, Plaintiff suffered severe emotional distress in the form of loss of sleep, anger, fear, nervousness, anxiety, worry, and stress, all to Plaintiff's damage in an amount which will be proven at trial.

37.  Plaintiff is informed and believes, and thereon alleges that the acts of Defendants were malicious in that they were intended to cause injury to Plaintiff. Plaintiff is further informed and believes, and thereon alleges that such conduct was despicable in that it was carried on by Defendants with a willful and conscious disregard of the rights of Plaintiff and for no purpose other than to oppress Plaintiff and to subject him  to cruel and unjust hardship in conscious disregard of Plaintiff's rights, all of which entitles Plaintiff to punitive damages in an amount to be established at trial.

////

**WHEREFORE,** Plaintiff Prays for a judgment against Defendants as follows:

AS TO THE FIRST CAUSE OF ACTION ONLY

1)              Statutory Damages of $1,000.00 per violation of the Fair Debt Collection Practices Act;

2)              Attorney's fees pursuant to statute;

AS TO THE SECOND CAUSE OF ACTION ONLY

3)               Statutory Damages of $1,000.00 per violation of the Rosenthal Act;

4)               Attorney's fees pursuant to statute;

<u>AS TO THE THIRD CAUSE OF ACTION ONLY</u>

5)               Statutory damages of $500.00 for each and every violation of the TCPA;

6)               Injunctive relief prohibiting such conduct in the future;

<u>AS TO THE FOURTH CAUSE OF ACTION ONLY</u>

7)               Treble damages, as provided by statute, up to $1,500.00 for each and every knowing and/or willful violation of the TCPA;

8)               Injunctive relief prohibiting such conduct in the future;

<u>AS TO THE FIFTH CAUSE OF ACTION ONLY</u>

9)               Punitive Damages;

<u>AS TO ALL CAUSES OF ACTION</u>

10)             Actual Damages according to proof at trial (for the purpose of a default judgment, not less than $25,001.00);

1    11)                    Cost of Suit; and

2    12)                    Such Other Relief As The Court May Order.

3    Date: 02/10/13

4                                              Respectfully submitted,

5                                     Law Offices of Deborah L. Raymond
                                           By:   /s/ Deborah L. Raymond
6                                              Deborah L. Raymond, Esq.

7                                              Attorney For Plaintiff

8                          DEMAND FOR JURY TRIAL

9          Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the

10
11   Federal Rules of Civil Procedure.

12   Date: 02/10/13

13                                             Respectfully submitted,
                                     Law Offices of Deborah L. Raymond

14

15                                         By:   /s/ Deborah L. Raymond
16                                             Deborah L. Raymond, Esq.

17                                             Attorney For Plaintiff

18

19

20

21

22

23

24

25

26